UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| ENGELBERTO HERNANDEZ-JASSO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Nos.: 2:11-cv-74; 2:09-cr-9(1) <br> *Judge Greer* |

## **MEMORANDUM OPINION**

Acting *pro se*, Engelberto Hernandez-Jasso filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, [Doc. 22].[1] Petitioner was convicted, pursuant to his guilty plea, of conspiracy to distribute and possession with intent to distribute 50 grams or more of Methamphetamine (actual), in violation of 21 U.S.C. § 846, § 841(a)(1) and § 841(b)(1)(A), receiving, for this offense, a 72-month term of imprisonment, [Doc. 18]. Petitioner filed a *pro se* direct appeal, [Doc. 20], but the Sixth Circuit, finding the appeal untimely, dismissed his appeal, [Doc. 21].

On March 3, 2011, petitioner filed the instant § 2255 motion (under the prison "mailbox" rule). *See Towns v. United States,* 190 F.3d 468, 469 (6th Cir. 1999) (holding that a § 2255 motion is treated as timely filed if it is delivered to the prison authorities for mailing prior to the lapse of the 1-year limitations statute) (citing *Houston v. Lack,* 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). The motion raises, as grounds for relief, claims of ineffective assistance of counsel and unlawful sentencing.

---

[1] Each document will be identified by the court file number assigned to it in the underlying criminal case.

Before the Court is the United States's response to the motion, [Doc. 31]. Of the many arguments respondent offers in support of its position that the motion should be denied, the first one, i.e., that the motion is time-barred, is well-taken.

## I. Statute of Limitations

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was the prejudice which would ensue if the respondent were required to respond to the motion to vacate due to a delay in filing. *See* Advisory Committee Note to 1976 Adoption to Rule 9, Rules Governing Section 2255 Proceedings. As a result of the AEDPA, however, a federal prisoner now has one year in which to file a § 2255 motion, 28 U.S.C. § 2255(f), and this period generally runs from the date on which the judgment of conviction becomes final.

In this case, the judgment became final on February 23, 2010, fourteen days following the entry of petitioner's judgment, upon the lapse of the period during which he could have filed a timely notice of appeal, [Doc. 18, Order of Feb. 9, 2010]. The fact that petitioner filed an untimely notice of appeal, which the Sixth Circuit dismissed on that basis, has no impact on the date his conviction became final. *Johnson v. United States*, 457 Fed.Appx. 462, 465, 2012 WL 171379, 3 (6th Cir. Jan. 23, 2012) ("[T]he mere filing of a late notice of appeal is not sufficient . . . to render a final conviction nonfinal for purposes of § 2255.") (citing to *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 172 L.Ed 2d 475 (2009)).

Thus, AEDPA's limitation period, in petitioner's case, extended up to and included February 23, 2011, within which he could have filed a § 2255 motion. The motion which he submitted was too late, as it was filed on March 3, 2011. And this late filing was made by petitioner despite the Sixth Circuit specifically instructing petitioner, in its order dismissing

2

petitioner's appeal as untimely, that he had "one year from the date on which his conviction became final to file a § 2255 motion," [Doc. 21, *United States v. Hernandez-Jasso*, No. 10-6393, at 2 (6th Cir. Jan. 19, 2011) (citing 28 U.S.C. § 2255(f)(1) (unpublished order)].

## II. Equitable Tolling

Even if this federal petition was filed outside the prescribed time-limits in § 2255(f)(1), the Court still has jurisdiction to consider it under the equitable tolling doctrine. *See Jones v. United States*, 689 F.3d 621, 626-27 (6th Cir. 2012). This doctrine, used only in rare cases where circumstances beyond a petitioner's control have prevented him from timely raising a constitutional claim, precludes a strict application of the one-year statute of limitations. *See Keenan v. Bagley*, 400 F.3d 417, 420-21 (6th Cir. 2005). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of showing that he is entitled to equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and the decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Holland*, 560 U.S. at 649-50; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Because petitioner did not reply to the United States's response or submit any basis for application of equitable tolling and because nothing offered in his motion to vacate suggests that AEDPA's statute of limitations should be equitably tolled, he has not carried his burden of showing that his case is one of the exceptional ones where equitable tolling is justified. Therefore, the Court finds that ADEPA's statute of limitations should not be equitably tolled. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.

2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citation omitted).

### III. Conclusion

For the reasons discussed above, this § 2255 motion to vacate will be **DISMISSED** as outside the time period set in § 2255(f)(1), and a separate order of dismissal will issue.

### IV. Certificate of Appealability

After reviewing the claims under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling, nor would they find debatable or wrong the Court's conclusion that the motion is time-barred. *See id*; *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE